Law Offices of James Costo
11 Park Place, Ste. 1100
New York, New York 10007
Tel: 646.543.0406
E-mail: costolaw@gmail.com

UNITED STATES DISTRICT COURT
EASTER DISCTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK

-------------------------------------------------------------------X

ZHANG, Ting (A#2216 226 073)
USCIS Receipt No.: ZNY1700215990

**Plaintiff,**

    -against-

Ur Jaddou; Director of USCIS
Patricia A. Menges; Director of New York Asylum Office,
et al,

**Defendant.**

-------------------------------------------------------------------X

**Complaint for Injunctive & Declaratory Relief & Petition for Writs of Mandamus**

UNITED STATES DISTRICT COURT
EASTER DISCTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK

------------------------------------------------------------------------X

| | |
|---|---|
| ZHANG, Ting (A#216-226-073)<br>USCIS Receipt No.:ZNY1700215990<br><br>**Plaintiff**<br>-agains<br><br>Ur Jaddou; Director of USCIS<br>Patricia A. Menges; Director of New York Asylum Office,<br>et al,<br><br>**Defendants.** | COMPLAINT FOR<br>INJUNCTIVE &<br>DECLARATORY<br>RELIEF & PETITION<br>FOR WRITS<br>OF MANDAMUS<br><br><br>DOCKET #: |

------------------------------------------------------------------------X

## COMPLAINT

Plaintiff presents this Mandamus complaint before this Honorable Court requesting relief against the Defendants, in their official capacity, for failure to act in accordance with the law thereby depriving Plaintiff of her rights privileges and immunities. Moreover, this action is brought to compel all those acting under Defendant, in their official capacity, to rule upon the application filled by the Plaintiff and perform a duty Defendants and their subordinates owe to Plaintiff. Alternatively, and preferably, Plaintiff humbly requests that the Court (based on the extenuating circumstances present in this case) assume jurisdiction over the asylum application.

## JURISDICTION

1. This Court's Jurisdiction over the instant action is founded on 28 U.S.C § 1361(Mandamus Act) granting District Courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; and (3) no other adequate remedy is

available. <u>Blaney v. United States,</u> <u>34 F.3d 509, 513 (7th Cir.1994)),</u> 28 U.S.C §1331 (Federal question jurisdiction.

2. Jurisdictional review is also conferred by 5 U.S.C. § 555 and 701 *et seq.* of the APA. The Court also has authority to grant relief under 28 U.S.C §2201, 2202 and 5 U.S.C § 706(1).

## VENUE

Venue is proper pursuant to 28 U.S.C § 1391(e)(3), which provides that a civil action against the United States or its agencies may be brought in any judicial district in which the Plaintiff resides if no real property is involved. No real property is involved in the instant action, and Plaintiff resides in Flushing, New York.

## PARTIES

PLAINIFF, ZHANG, Ting, is an application for political asylum, and she currently resides at 4721 169th Street, Flushing, NY 11358.

## FACTS

3. Plaintiff filed an I-589, Application for Asylum and for Withholding of Removal, which assigned a receipt No.: ZNY1700215990, with the USCIS on October 5, 2017. ***(See Exhibit A-Copy of the filing Receipt).***

4. From approximately October, 2017, up until the present, the USCIS/New York Asylum Office has failed to act upon Plaintiff's Application. Plaintiff has not been interviewed, an no action has been taken by USCIS/New York Asylum Office for over 72 months. This application is absolutely out of normal processing time.

5. Plaintiff affirmatively applied for political asylum within one (1) year of her entry into the United States via a B2 tourist visa. Plaintiff arrived in the United States from Chine on April 16, 2017.

6. On behalf of Plaintiff, this office filed a request for an asylum interview, in order to proceed with her application. On July 10, 2023, the USCIS, New York Asylum Office, denied the request. **(See Exhibit B, request for asylum interview together with July 10, 2023 denial response).**

7. Defendants have a legal obligation to notify the Plaintiff of a decision and if the application is denied, the reasons for the denial. See 8 C.F.R. 245.2a (5)(i)

mandates that;

    i.      A decision be rendered.
    ii.     The Plaintiff be notified of the same and if denied, the reasons for the denial.

One cannot notify one of a decision without first rendering same. Plaintiff does concede that the decision to grant or deny the application is discretionary.

8. Plaintiff's counsel has tried several times to expediting for the pending application.
9. Plaintiff also requested the congressman to assist with the application. Plaintiff has not received to date of interview on her pending application.
10. The extreme delay has also caused hardship for Plaintiff, as she continues to be separated from her family in China, and her son, who is serious health issues involving his eyes, may be able to receive treatment in Europe. She cannot pursue this treatment until such time her asylum case is acted upon by USCIS.

## CLAIMS

11. Defendants willfully maliciously and unreasonably have delayed in and have refused to adjudicate the Plaintiff's pending application for Asylum thereby depriving Plaintiff of her statutory eligibility for Asylee Status in the United States.

12. Defendants owe Plaintiff the legal obligation to adjudicate an Asylum application within a reasonable time or at minimum within the time frame that Defendants themselves have previously allocated-and have unreasonably failed to perform the duty.

13. Defendants' failure to adjudicate Plaintiff's application has the effect of placing undue hardship on Plaintiff. This delay also has the effect of delaying when Plaintiff will become eligible to apply for Permanent Resident.

14. Individuals like the Plaintiff, with pending asylum applications are also restricted in their ability to travel outside of the United States.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff by and through undersigned counsel, has exhausted all administrative remedies that may exist including but not limited to personal visits to the Defendant's Office, telephone calls, emails, status inquiry's via 1-800-375-5283. Plaintiff has no alternative, fully adequate remedy remaining aside from the instant action.

## ENTITLEMENT TO ATTORNEY'S FEES AND COSTS UNDER EAJA

16. Plaintiff is entitled to costs and attorney's fees associated with the instant action. Congress has authorized fee recovery by prevailing parties in the Equal Access to Justice Act ("EAJA"). Under EAJA, the prevailing litigant is entitled to attorney's fees and cost if the Government fails to show that its position was substantially justified or special circumstances make an award unjust and requested fees and costs are reasonable. Perez-Arellano v. Smith, 279 R. 3d 791, 793 (9th Cir.2002) (citing 28 USC§ (d)(1)(A)). As there is no lawful basis for the unreasonable delay, the Government's position is NOT justified, and hence, attorney's fees are appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court:

17. Compel Defendants and those acting under them to perform their duty to rule upon the asylum application (Form I-589) of Plaintiff ZHANG, Ting.

18. Grant any such other and further relief as to this court seems proper under the circumstances; and

19. Grant attorney's fees and Court fees.

Dated: December 15, 2023

                                                Respectfully Submitted,

                                                _____
                                                James Costo, Esq.
                                                The Attorney for the Plaintiff
                                                11 Park Place, Ste. 1100
                                                New York, New York 10007
                                                646.543.0406
                                                costolaw@gmail.com